Submitted October 7; remanded for resentencing, otherwise affirmed
October 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARNILDO JOSEPH UPPIANO,
aka Arnildo Uppiano,
*Defendant-Appellant.*

Wallowa County Circuit Court
19CR31725; A173136

498 P3d 356

Wes Williams, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of violating a stalking protective order. ORS 163.750. On appeal, he challenges the sufficiency of the evidence supporting his conviction, as well as several aspects of his probationary sentence. We reject defendant's challenge to his conviction without discussion. At sentencing, the trial court placed defendant on 24 months of supervised probation and included as special conditions of probation that defendant have no contact with specified relatives of the victim and that he complete 100 hours of community service. Defendant argues that the court abused its discretion in placing him on probation rather than imposing a sentence of discharge, and alternatively that the court erred in imposing the above-described special conditions of probation. The state concedes that the court plainly erred in imposing the community service obligation. As explained below, we agree and remand for resentencing.

ORS 137.128(1) provides that, before a court can order a defendant to complete community service as a condition of probation, the defendant "must consent to donate labor for the welfare of the public." Failure to obtain such consent is reversible error. *State v. Everitt*, 247 Or App 619, 620, 269 P3d 117, *rev den*, 352 Or 265 (2012). In light of the state's concession and the gravity of the error, we exercise discretion to correct it. Given our disposition, we need not address defendant's remaining arguments concerning his sentence.

Remanded for resentencing; otherwise affirmed.