No. 981 November 19, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDRES ZAMARRIPA CRUZ,
*Defendant-Appellant.*

Polk County Circuit Court
24CR14059; A184738

Timothy R. Park, Judge pro tempore.

Submitted October 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant pleaded guilty to harassment and was sentenced to probation with special conditions, including a condition that he perform 80 hours of community service. In his sole assignment of error, defendant argues that the trial court plainly erred by imposing that condition because he never consented to donate his labor for the public welfare as required by ORS 137.128(1), which provides that "[a] judge may sentence an offender to community service either as an alternative to incarceration or fine or probation, or as a condition of probation" but "[p]rior to such order of community service the offender must consent to donate labor for the welfare of the public." Defendant points out that we have previously exercised our discretion to correct errors in imposing community service when the defendant did not consent. The state responds that this case is different, because the record suggests that defendant impliedly consented to performing community service. We agree with the state and therefore affirm.

Defendant initially pleaded not guilty to a harassment charge. At a change-of-plea hearing, defendant informed the court that he was pleading guilty and that he had signed a plea petition. When asked "is there a stipulation," the prosecutor responded, "This is a recommended offer, Your Honor." After the court accepted the plea, they proceeded to sentencing, where the prosecutor explained that the state was "recommending a suspended imposition of sentence, 18 months of formal probation, 80 hours of community service work, Batterers' Intervention Program, no contact with the victim—which include at school, residence, or work—and $100 fine."

Defendant responded by raising two issues with the recommendations: (1) the extent of the no-contact order and whether it could allow for phone calls for the purposes of arranging visits with his children, and (2) whether the formal probation could instead be bench probation, because defendant wanted the court to allow him to leave the area for the summer to work as a woodland firefighter. Defendant did not address the state's recommendation regarding 80

hours of community service, either by explicitly agreeing to that recommendation or by objecting to it.

The trial court ultimately sentenced defendant in accordance with the state's recommendations, suspending imposition of sentence and imposing formal probation, including the following special term: "Perform 80 hours of community service. Community service work is work done without pay and arranged through Polk County Community Corrections."

On appeal, defendant's sole challenge is to the court's imposition of the condition requiring 80 hours of community service. He acknowledges that he did not object to the court's imposition of that term but argues that the error is plain and one that we should exercise our discretion to correct under ORAP 5.45. In determining whether an error is "plain" within the meaning of that rule, we consider "(1) whether the claimed error is one of law; (2) whether the claimed error is obvious and not reasonably in dispute; and (3) whether the claimed error appears on the record." *State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022). Then, if the error is plain, we decide whether to exercise discretion to consider the error, which "entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *Id.* (internal quotation marks and citation omitted).

Defendant argues that the requirements of plain error are satisfied because sentencing errors are errors of law, it is obvious that ORS 137.128(1) required defendant's consent to community service, and the court need not go beyond the record in order to determine that defendant never gave consent. In support of that conclusion, defendant directs us to *State v. Everitt*, 247 Or App 619, 620, 269 P3d 117, *rev den*, 352 Or 265 (2012), a case in which we accepted the state's concession that the trial court had erred by ordering the defendant to perform community service when the defendant had not consented to it. *See also State v. Uppiano*, 315 Or App 474, 475, 498 P3d 356 (2021) (citing *Everett* and correcting a similar error "[i]n light of the state's concession

and the gravity of the error"); *State v. Hansen*, 335 Or App 243, 244 (2024) (nonprecedential memorandum decision) (same).

Although we applied ORS 137.128(1) in those cases, we have never previously been called upon to construe it—particularly, the manner in which a defendant must "consent" and whether a defendant's implied or tacit consent might be sufficient. *Compare* ORS 137.128(1), *with* ORS 136.290 (providing that a defendant shall not remain in custody pending commencement of the trial more than 60 days after the time of arrest "unless the trial is continued with the *express consent* of the defendant" (emphasis added)). And, in the state's view, the court did not plainly err here because the circumstances surrounding defendant's plea raise the possibility that defendant at least impliedly consented to the imposition of community service as an alternative to other sentencing options.

We need not resolve whether the court plainly erred by not requiring defendant to manifest consent on the record in a clearer way, because it is not an error that we would exercise our discretion to consider on this record. Defendant's lack of objection, in the context of a plea involving a recommended offer that included community service, suggested to the trial court, and suggests to us, that defendant in fact consented to that term in lieu of other sentencing options and did not object for that very reason—that is, defendant was willing to consent to that aspect of the recommendation as part of the plea.

First, considering that this was a "recommended offer," the 80-hour community service recommendation appears to have been communicated to defendant ahead of sentencing and may even have been the product of negotiations. One inference from the sentencing record is that the parties were operating with a joint understanding that community service was at least on the table—something that would not have been true if defendant was unwilling to consent to community service instead of other sentencing options, such as fines or incarceration. Second, the fact that defendant then raised two targeted objections to the recommendations (terms of the no-contact order and whether he

would be allowed to travel during the summer to work)—but not to performing community service—further suggests that defendant was, in fact, willing to perform community service as part of his sentence in lieu of other sentencing options.

Those permissible inferences from the record also suggest to us that any error would not have been particularly grave—*i.e.*, defendant, as a factual matter, assented to performing community service but communicated that consent impliedly rather than expressly. That further distinguishes this case from those in which we have accepted the state's concession and reversed where nothing in the record suggested that the defendant had consented to donating labor for the public welfare, expressly or impliedly.

For those reasons, we reject defendant's assignment of error regarding imposition of the condition regarding community service and affirm the judgment.

Affirmed.